**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHEVRON U.S.A. INC. and KVS TRANSPORTATION, INC.,<br><br>　　　　　Defendants. | Case No.: 1:13-CV-00826 - LJO – JLT<br><br>ORDER RE SETTLEMENT CONFERENCE; ORDER DENYING REQUEST FOR DEFENDANTS' REPRESENTATIVE TO APPEAR VIA TELEPHONE<br><br>(Doc. 24) |

## I. Background

At the request of the parties, the Court set a settlement conference to occur on February 13, 2014. (Doc. 18) At that time, the Court ordered,

> Unless otherwise permitted in advance by the Court, **the attorneys who will try the case shall appear** at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms** [Footnote] at the conference. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.
> **At least twenty-one days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful [Footnote] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, **no later than fourteen days before** the settlement conference, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.
> If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

1

1  Id. at 6, emphasis in the original.  On February 12, 2014, the Court ordered the settlement
2  conference be continued because Plaintiff had not provided a timely settlement conference
3  statement and there was no showing that settlement offers had been exchanged as required, as
4  detailed above.  (Doc. 23)

5  As it turns out, on February 5, 2014, Plaintiff's counsel had sent an e-mail to Defendants'
6  counsel explaining why it believed Defendants will be held liable and reiterating its demand made
7  in its complaint.  In the e-mail, Plaintiff's counsel requested a response and then, not when it did
8  not receive one, requested a response again on February 14, 2014 and on February 21, 2014.  In
9  the final correspondence, counsel reported that Plaintiff's "representative will be traveling from
10 out of state to attend the settlement conference.  We expect defendants' insurance representative
11 with full authority to also attend in person."  Plaintiff reports that it received a settlement offer a
12 week later without any explanation setting forth why Defendants believed the offer was
13 appropriate.

14 For their part, Defendants claim that Plaintiff had made "no settlement demands."[1]  They
15 solicited a demand from Plaintiff but were told by Plaintiff's counsel that "she was going to stick
16 with her demand in her complaint."  In connection with their settlement offer, Defendants do not
17 claim they explained why they believed their offer was reasonable.

18 On March 11, 2014, Defendants filed a request that their representative be allowed to
19 appear by telephone. (Doc. 24)  In explanation, Defendants report the representative is located in
20 Pennsylvania and travel to the settlement conference would occupy two days.  Id. at 1. Defendants
21 report the representative will be prepared to participate fully by telephone.  Id. at 1-2.

22 **II.   Analysis**

23 As this Court has made clear, if the parties do not believe the matter is in a settlement
24 posture, the conference will not go forward.  Neither party has alerted the Court of any
25 unwillingness to settle but neither has communicated any willingness to do so either.  Despite the
26 Court's explicit instruction in the scheduling order and in its order continuing the settlement
27 conference, it does not appear the parties engaged in good faith in the exchange required of them
28

---

[1] Seemingly, Defendants did not receive any of the e-mails from Plaintiff's counsel.

which was designed to determine whether settlement is conceivable.  Thus, the conference remains on calendar but **counsel and the parties are advised that their refusal to engage in good faith efforts to the settle the case at the conference is grounds for the imposition of sanctions payable to the Court and to the opponent.**

As to the last-minute request that Defendants' representative be excused from attending the settlement conference, the request is **DENIED**.  Despite Defendants' claim to the contrary (Doc. 24 at 1), Plaintiff's representative *is* committed to being present at the conference and is also coming from out of state.[2]  Likewise, Plaintiff's counsel is traveling from San Francisco.

However, Defendants' request is filed so late that there is insufficient time to excuse Plaintiff's representative's attendance and failing to do so places the parties on unequal footing in terms of commitment to the settlement process.   Defendants' counsel is local and they are local.  Absent Defendants' representative being present, they "lack skin in the game." Requiring attendance by their representative provides them a reason to negotiate in good faith so that the travel cost and time is not wasted.

More importantly, given the failure of counsel to make any real efforts toward settlement, the failure of the request to demonstrate counsel has full authority to settle the matter absent the representative (Doc. 18 at 6), the failure of the request to demonstrate  good cause for the fact it was sought at the last minute and because it seems unlikely settlement will be achieved absent the participation of all of the representatives in this case, Defendants' request is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 12, 2014**                    /s/ Jennifer L. Thurston
                                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff had made a similar request on February 11, 2014 as to the conference that was to occur on February 13, 2014.  This request was mooted by the order continuing the settlement conference to March 13, 2014 and was not renewed.