# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON U.S.A. INC. and KVS TRANSPORTATION, INC.,<br><br>Defendants. | Case No.: 1:13-CV-00826 - LJO – JLT<br><br>ORDER TO ALL PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR THEIR FAILURE TO COMPLY WITH THE COURT'S ORDER |

On March 13, 2014, the Court conducted a settlement conference at which the parties agreed upon settlement terms. (Doc. 26) The only impediment was that Defendants' counsel, Mr. Braze, had to obtain final settlement authority because the agreed amount exceeded the authority that he had been given.[1] Id. However, Mr. Braze represented that he would recommend settlement on the terms agreed upon. Id. Thus, the Court ordered Plaintiff's counsel, Ms. Sanchez, to provide to Mr. Braze the key terms which would be requested in the written settlement agreement, no later than March 17, 2014. Id. Mr. Braze was ordered to present these terms and

---

[1] The Court notes that its order setting the settlement conference required the attendance of all persons necessary such that there was "**full authority** to negotiate and settle the case on any terms . . ." (Doc. 18 at 6, emphasis in the original) Toward that end, when Defendants requested to be allowed to have their representative appear via the telephone, the Court denied this request. (Doc. 25) Notwithstanding the Court's order or, even, Defendants' request, Defendants failed to provide a representative—either in person or on the telephone—who had full authority to settle the case, as demonstrated above.

1

the settlement figure and recommend settlement to his clients. Id. Then, no later than March 21, 2014, Mr. Braze was ordered to report to Ms. Sanchez, whether the client accepted the terms. Id. Finally, no later than March 28, 2014, Ms. Sanchez was ordered to file a notice of settlement, assuming Defendants accepted the settlement. However, of course, that day has come and gone without any such filing.

At this point, the Court cannot determine where this process has broken down. Therefore, the Court **ORDERS**:

1. No later than April 11, 2014, the parties **SHALL** show cause in writing why monetary sanctions or other sanctions—up to and including dismissal of the action or an order striking the answer and entering default—should not be issued for their failure to comply with the Court's orders;

2. In the alternative, a notice of settlement may be filed no later than April 11, 2014.

IT IS SO ORDERED.

Dated:   **April 2, 2014**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE