# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON U.S.A. INC. and KVS TRANSPORTATION, INC.,<br><br>Defendants. | Case No.: 1:13-CV-00826 - LJO – JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE |

As noted in its April 2, 2014 order to show cause, on March 13, 2014, the Court conducted a settlement conference at which the parties agreed upon settlement terms. (Doc. 26) The only impediment was that Defendants' counsel, Mr. Braze, had to obtain final settlement authority because the agreed amount exceeded the authority that he had been given.[1] Id. Mr. Braze represented that he would recommend settlement on the terms agreed upon. Id.

At that time, the Court understood—maybe through its own error—that the likelihood that

---

[1] Counsel for Defendants indicated that due to various reasons, he could not obtain an acceptance of the settlement agreement from the claims representative with whom he had prior contact. (Doc. 29 at 3) Likewise, he explained that since the settlement conference, he learned from the claims representative that the insured, now owned by a different corporation, must also approve the settlement. Id. This process has not succeeded. Id. Clearly, all of this would have been avoided—or, at least, all of this information would have been known—had the claims representative been present at the settlement conference as ordered. At this time, the Court does not impose sanctions for the violation of the Court's orders that this person be present (Doc. 18 at 6) but does not preclude Plaintiff from filing a motion against Defendants to seek to recover Plaintiff's costs of attending the settlement conference. The Court makes no comment as to the wisdom or propriety of such a motion.

Defendants would not be guided by counsel's recommendation was minute; it now appears that this is not the case.  (Doc. 29)  Indeed, it appears that there is no certainty, even, as to the particular employees of the new owners of KV Transportation who have the authority to determine whether this matter will settle.   Thus, the Court **ORDERS**:

     1.     The order to show cause (Doc. 27), is **DISCHARGED**;

     2.     The docket will reflect that the case HAS NOT SETTLED and counsel SHALL proceed with expert discovery[2] and the remainder of the case as scheduled without modification.

IT IS SO ORDERED.

    Dated:   **April 14, 2014**                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] During the period when Mr. Braze sought to obtain the required settlement authority, the non-expert discovery period expired.